**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 8 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM A. BOWN, | No. 16-35573 |
| Plaintiff-Appellee, | D.C. No. 1:12-cv-00262-BLW |
| v. | |
| BRENT D. REINKE; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted April 12, 2018
Seattle, Washington

Before:  TASHIMA and GRABER, Circuit Judges, and MIHM,[**] District Judge.

Plaintiff William Bown was an inmate at the Idaho Maximum Security

Institution when he suffered a heart attack.  Plaintiff filed a 42 U.S.C. § 1983

action alleging deliberate indifference to his medical needs.  The district court

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Michael M. Mihm, United States District Judge for the Central District of Illinois, sitting by designation.

denied Defendants' motion for summary judgment requesting protection under qualified immunity.

**1.** We have jurisdiction under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "On an interlocutory appeal of a denial of qualified immunity[,] . . . [t]he issue for decision is . . . whether the [defendants] are eligible for qualified immunity under the [plaintiffs'] version of the disputed facts." *Wilkins v. City of Oakland*, 350 F.3d 949, 952 (9th Cir. 2003).

**2.** Prison medical staff must provide competent medical care. *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Viewing all disputed facts in the light most favorable to Plaintiff, he has established a constitutional violation due to a failure to provide competent medical care.

**3.** Defendants were not medical providers but were administrators for the Idaho Department of Correction and the prison. Supervisors can be individually liable under § 1983. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). An individual in a position of authority may commit constitutional violations through his "own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous

2                                                                                       16-35573

indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (internal quotation marks omitted).

**4.** We affirm the denial of qualified immunity as to Defendant Rona Seigert. Seigert's affidavit states she was responsible for "overseeing [Corizon's] provision of medical services at various IDOC facilities." More specifically, she was tasked with "review[ing] protocols created by Corizon" and "monitoring [Corizon] for compliance with NCCHC standards, IDOC policy and procedures." The policies and protocols at issue are within the scope of her responsibilities, making her potentially culpable by her supervision and control of her subordinates. *See id.* Therefore, Seigert is not protected by qualified immunity.

**5.** We reverse the denial of qualified immunity as to Defendants Brent Reinke, the Director of the Idaho Department of Correction; Randy Blades, the Warden of the prison, and Jimmie Crosby, the Deputy Warden. This record contains no evidence upon which these Defendants could be held liable for any constitutional violations. Supervisory liability can be found only when a supervisor "acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights." *Id.* at 1206-07. The record is devoid of any evidence that any of these Defendants adopted, enforced, or were aware of the policies that led to the alleged constitutional violations. Therefore, these Defendants are protected by qualified immunity. The district court is instructed on

remand to grant these Defendants' motion for summary judgment and to enter judgment in their favor.

**AFFIRM** as to Defendant Siegert; **REVERSED and REMANDED** as to Defendants Reinke, Blades, and Crosby with directions to enter judgment in favor of said defendants. Each party shall bear his or her own costs on appeal.[1]

---

[1] The notice of appeal lists four additional individuals as appellants, but those individuals were not aggrieved by the district court's order denying summary judgment and are not entitled to appeal from that order. *Bryant v. Tech. Research Co.*, 654 F.2d 1337, 1343 (9th Cir. 1981). Accordingly, they are not properly joined with Siegert, Reinke, Blades, and Crosby on appeal. *See* Fed. R. App. P. 3(b)(1) ("When two or more parties are entitled to appeal from a district-court judgment or order, . . . they may file a joint notice of appeal."). We exercise our discretion to drop the four additional individuals under Federal Rule of Civil Procedure 21. *See* Fed. R. Civ. P. 21 ("[O]n its own, the court may at any time, on just terms, add or drop a party.").

16-35573